IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

ANDRE DEMYRON BEND,           :
    Petitioner,              :
                                    CIVIL ACTION 11-0337-WS-M
v.                            :
                                    CRIMINAL ACTION 09-00227-WS-M
UNITED STATES OF AMERICA,     :
    Respondent.              :

## REPORT AND RECOMMENDATION

Pending before the Court is Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Doc. 34) and Respondent's Motion to Dismiss (Doc. 36). This action was referred to the undersigned Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636(b) and Rule 8(b) of the Rules Governing Section 2255 Cases. It is now ready for consideration. The record is adequate to dispose of this matter; no evidentiary hearing is required. It is recommended that Respondent's Motion to Dismiss (Doc. 36) be granted, Petitioner's Motion to Vacate (Doc. 34) be denied, that this action be dismissed, and that judgment be entered in favor of Respondent, the United States of America, and against Petitioner Andre Demyron Bend.

1

Bend was indicted on October 29, 2009 for embezzlement of public funds in violation of 18 U.S.C. § 641 and aggravated identity theft in violation of 18 U.S.C. § 1028A(a)(1) (Doc. 1). On January 29, 2010, Petitioner entered into a plea agreement in which he pled guilty to both of the charges against him (Doc. 23). On April 26, 2010, U.S. District Judge Steele sentenced Petitioner to six months on the embezzlement conviction and twenty-four months on the identity theft conviction, to be served consecutively, as well as three years and one year of supervised release following his release from prison, to be served concurrently, and an assessment of two hundred dollars; additionally, Bend was ordered to make restitution of sixty thousand ($60,000.00) dollars (Doc. 32). Judgment was entered on May 3, 2010 (Doc. 32). Petitioner did not appeal his convictions or sentences (Doc. 34, p. 1).

Bend filed his Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 on June 15, 2011 in which he raised several claims concerning the ineffective assistance of his attorney (Doc. 34). Respondent filed a Motion to Dismiss on July 14, 2011 (Doc. 36) to which Petitioner replied (Doc. 38).

Before taking up Bend's claims, the Court notes that Respondent has answered the Petitioner, arguing that this action should be dismissed as it was not filed within the one-year

statute of limitations period (Doc. 36, pp. 2-4). Respondent refers to provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996 (hereinafter *AEDPA*) which amended, in pertinent part, 28 U.S.C. § 2255. The specific provisions state as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.
>
> \*\*\*
>
> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
>
> > (1) the date on which the judgment of conviction becomes final;
> >
> > (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> >
> > (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme

3

> Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Bend's conviction became final on May 17, 2010, fourteen days after judgment was entered, as he did not file an appeal. Fed.R.App.P. 4(b)(1); *see Maderos v. United States*, 218 F.3d 1252, 1253 (11th Cir. 2000). Petitioner's Motion to Vacate was filed on June 15, 2011 (Doc. 34), so it was filed beyond the one-year limitations period.

In his response to Respondent's Motion to Dismiss, Bend "concedes that his motion was filed beyond the one-year limitation period" (Doc. 38, p. 2). Petitioner went on to discuss equitable tolling and assert that his attorney did not file a direct appeal on his behalf though requested to do so (Doc. 38, pp. 3-6).

Under *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999), *cert. denied*, 531 U.S. 971 (2000), "[e]quitable tolling is appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." The Court finds that Bend has

4

not demonstrated any basis for finding that he has equitably tolled the statute. Even though his attorney did not file an appeal on his behalf, there is no reason Petitioner could not have filed this action in a timely manner.

Bend has raised several claims of ineffective assistance in this petition. The Court has found that Petitioner is barred by the statute of limitations in bringing this action and has not reached the merit of his claims. Therefore, it is recommended that the petition be denied, that this action be dismissed, and that judgment be entered in favor of Respondent, the United States of America, and against Petitioner Andre Demyron Bend.

Furthermore, pursuant to Rule 11(a) of the Rules Governing § 2255 Cases, the undersigned recommends that a certificate of appealability (hereinafter *COA*) in this case be denied. 28 U.S.C. foll. § 2255, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant"). The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a COA. 28 U.S.C. § 2253(c)(1). A COA may issue only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §

2253(c)(2).  Where, as here, a habeas petition is being denied on procedural grounds without reaching the merits of the underlying constitutional claims, "a COA should issue [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003) ("Under the controlling standard, a petitioner must 'sho[w] that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further."'").  Inasmuch as Bend's claim is barred because of the statute of limitations, a reasonable jurist could not conclude either that this Court is in error in dismissing the instant petition or that Bend should be allowed to proceed further.  *Slack,* 529 U.S. at 484 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed

to proceed further.").

**CONCLUSION**

It is recommended that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence, filed pursuant to 28 U.S.C. § 2255, be denied. It is further recommended that Petitioner is not entitled to a certificate of appealability and, therefore, not entitled to appeal *in forma pauperis*.

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1. **Objection**. Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. See 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc). The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing

7

> the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.    **Transcript (applicable where proceedings tape recorded)**.  Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

    DONE this 3rd day of August, 2011.


                             s/BERT W. MILLING, JR.
                             UNITED STATES MAGISTRATE JUDGE